(No. 3721—

WILLIAM F. LYNCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

CHARLES V. FALKENBERG, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claimant is a doctor of dental surgery, and as such was employed by the respondent under Civil Service Regulations as a junior dentist at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois, which is operated under the Department of Public Welfare of this State.

Having been suspended by the managing officer of said institution on the 6th day of October, 1941, he seeks an award for time lost due to said suspension from that date until his reinstatement on January 2, 1942.

This record consists of the complaint, statement, brief and argument of claimant, report of the Department of Public Welfare, and statement, brief and argument of respondent.

It appears from the record that on and prior to the 6th day of October, 1941, he was employed by the Department of Public Welfare as Attending Junior Dentist and assigned to the above named institution. That he had so been employed since the 10th day of January, 1938. That on the 6th day of October he received a notice of suspension from the managing officer of said institution and following this, formal charges of inefficiency, etc., were preferred against him by Rodney H. Brandon, Director of the Department of Public Welfare, Dr. William C. Daniels and William E. Hogan, before the Illinois Civil Service Commission. As a result of said suspension order, the claimant was idle from October 6, 1941, until January 2, 1942, and seeks an award for his salary and maintenance for October, November and December, 1941, totalling the sum of $600.37.

From an examination of this record, we find that following the formal charges preferred against this claimant before the Civil Service Commission, that a hearing on these charges was set for the 1st day of November, 1941, but was continued at the request of Dr. Lynch to the 22nd day of November, 1941, and was again continued on that date at his request until the 6th day of December, 1941. On that day a full and complete hearing was had before said Commission and on the 10th day

of December, 1941, the following order was issued by the Civil Service Commission:

"And the said Commission having regularly met and considered the finding of the said board, same is hereby approved, ratified and confirmed.

"And by reason whereof it is the decision of the Illinois State Civil Service Commission that the said Dr. William F. Lynch be returned to the certified position of Junior Dentist effective January 2, 1942, suspension being approved to that date. Further, that Dr. Lynch be assigned to another State Institution by the Director of Public Welfare."

The receipt of this order by the Department of Public Welfare, and in compliance with said order, the Department directed the claimant to report to the Dixon State Hospital on January 2, 1942, as attending Junior Dentist, which was the date set by the Civil Service Commission for his reinstatement. It is not clear from the record whether Dr. Lynch accepted this employment, but it does show that he requested a leave of absence almost immediately after his reassignment to Dixon State Hospital.

The claimant takes the position that the order of suspension by the Civil Service Commission was not justified or sustained by the evidence. Further, that the order was erroneous and void, was contrary to public policy and should be disregarded by this court in passing upon the merits of this claim.

The respondent files a motion to dismiss on the ground that claimant was suspended according to law and is not entitled to any salary or maintenance from the date of his discharge or suspension to the date of his reinstatement on January 2, 1942.

But one question appears to be involved in the within claim. That question is, shall the claimant, who was a qualified and acting Junior Dentist at Normal, Illinois,

be paid by the respondent for the period of his suspension, namely, from October 6, 1941, to January 2, 1942?

Both the claimant and respondent in their brief make many references to the charges which were filed against this claimant, and make references to the hearing of claimant before the Civil Service Commission. The formal charges and the evidence taken by the Commission have not been filed in this court. Therefore, we are unable to determine whether the charges were proven by competent evidence and it would not be the province of this court to determine that question. Appeals from the Civil Service Commission rulings do not lie to the Court of Claims. However, both the claimant and the respondent agree on the Commission order and it becomes a part of this record. From it we find that the order of suspension of claimant by the managing officer on October 6, 1941, was sustained to January 2, 1942, and on that date he was to be reinstated and re-employed by the respondent at another institution.

The record further discloses that the claimant was assigned to the Dixon State Hospital by the respondent, in compliance with the Commission order, at his Civil Service rating as a Junior Dentist and ordered to report for work as of January 2, 1942. It is not clear from the record whether the claimant accepted this employment but it does show that he requested a leave of absence almost immediately after his reinstatement and assignment to the Dixon State Hospital. The record further discloses that on October 9, 1941, Dr. Everett Upton was assigned as Junior Dentist to the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois, to replace the vacancy caused by the suspension of the claimant, who took up his duties on that day.

The burden is on the claimant to prove by a preponderance of the evidence that he is entitled to an award as alleged in his complaint. This he has failed to do. The record discloses that his suspension by the Civil Service Commission was according to law and binding on him and he cannot now urge the continuances granted by the Civil Service Commission at his request as a basis for his claim.

As was said by this court in *Huwald* vs. *State*, 12 C. C. R., 305, "to grant a discharged employee, during such period, a salary, would be against public policy and would encourage every discharged employee, no matter for what cause he might have been discharged, to file a complaint * * * and then cause a delay and postpone final action by the Commission as long as possible, knowing that the longer the matter could be delayed, the more money he would receive for which no service was rendered."

This claimant has failed, under the law, to establish his right to an award. Complaint dismissed.